# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:14-cr-00085-JLT-SKO-1 |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR SUBSTITUTION OF COUNSEL |
| v. | |
| TIMOTHY BRIAN GRAYSON, | (ECF No. 101) |
| Defendant. | |

**I.**

**INTRODUCTION**

Currently before the Court is Defendant Timothy Brian Grayson's ("Defendant") third motion for appointment/substitution of counsel. (ECF No. 101.) For the reasons stated herein, the Court DENIES Defendant's motion.

**II.**

**UNSEALED PROCEDURAL HISTORY**

On November 7, 2023, Defendant's supervised release violation hearing ("contested hearing") was continued for the first time by stipulation of the parties to December 13, 2024. (ECF No. 78.) On or about December 4, 2023, Defendant notified the court of his first request for substitution of counsel. (ECF No. 79.) Magistrate Judge Barbara A. McAuliffe set a Marsden Hearing for December 6, 2023, which was continued to December 11, 2023 at Defendant's request. (ECF No. 80.)

///

1    On December 11, 2023, Magistrate Judge Erica P. Grosjean held a sealed hearing on Defendant's motion and granted Defendant's request for new counsel. (ECF No. 81.) As a result, Defendant's contested hearing set for December 13, 2023 was vacated. (Id.) On December 14, 2023, attorney James Homola was appointed to represent Defendant. (ECF No. 83.)

On March 19, 2024, Magistrate Judge McAuliffe granted the parties' stipulation to reset the contested hearing for April 22, 2024. (ECF Nos. 96, 97.) On March 22, 2024, Defendant filed a second motion for substitution/appointment of counsel. (ECF No. 98.) On April 11, 2024, Magistrate Judge Sheila K. Oberto held a sealed hearing on Defendant's motion, which included an approximate twenty-five minute inquiry with Defendant and Defendant's current counsel. (ECF No. 100.) Magistrate Judge Oberto denied Defendant's motion and continued the contested hearing to May 20, 2024. (Id.)

On May 1, 2024, the Court received Defendant's third motion for substitution of counsel. (ECF No. 101.)

### III.
### ANALYSIS

When considering a defendant's motion for substitution of counsel, the district court must (1) make an adequate inquiry into the defendant's basis for the motion; and (2) consider the extent of the conflict between the defendant and counsel; and (3) consider the timeliness of defendant's motion. United States v. Reyes-Bosque, 596 F.3d 1017, 1033 (9th Cir. 2010). While case law in the Ninth Circuit generally prefers an inquiry by the court when a defendant seeks to substitute counsel, certain circumstances arise where a failure to conduct a hearing is not by itself an abuse of discretion. United States v. Smith, 282 F.3d 758, 764 (9th Cir. 2002). In such circumstances, the court is only required to generate a "sufficient basis for reaching an informed decision." Id.

In its entirety, Defendant's instant motion for substitution of counsel states: "After resolution of a previous hearing on the matter on March 18th, 2024 new issues have arisen regarding my counsel of record, James Homola. These new issues include an 'actual conflict'

1 and failure to meet the standards required by the Constitution." (ECF No. 101 at 2.)

2 As a threshold matter, no hearing occurred in this action on March 18, 2024. However, 3 the Court notes that Defendant signed his second motion for substitution of counsel on March 18, 4 2024, but it was not filed until March 22, 2024. (ECF No. 98). On April 11, 2024, Magistrate 5 Judge Oberto engaged in an extensive inquiry with Defendant and his counsel regarding the 6 issues raised in Defendant's eleven-page motion. (Id.) The undersigned has reviewed the 7 extensive sealed hearing conducted on April 11, 2024 wherein Magistrate Judge Oberto 8 determined no conflict existed that would require a second substitution of court-appointed 9 counsel.

10 On April 25, 2024—just two weeks after Magistrate Judge Oberto denied Defendant's 11 second motion for substitution—Defendant signed the instant motion for substitution of counsel. 12 (ECF No. 101.) The Court has reviewed each of Defendant's prior hearings regarding his first 13 and second motions for substitution of counsel and is informed as to the basis of Defendant's 14 previous motions. Defendant presents no new information in the two-sentence motion currently 15 before the Court. While the Court does not require a lengthy motion that discloses attorney-16 client privileged information, Defendant's instant motion provides insufficient information that 17 Defendant's issues with his second court-appointed attorney were not already addressed during 18 the extensive April 11, 2024 inquiry with Defendant and Defendant's counsel. Without any 19 indication Defendant's issues that now purportedly arise to "actual conflict" with Mr. Homola 20 occurred in the mere two weeks after the denial of his second motion for substitute counsel and 21 the date Defendant signed the instant motion, the undersigned finds a second hearing is not 22 necessary. The Court shall deny Defendant's request for a third court-appointed attorney.

23 As a final note, the Court reminds Defendant that disputes with his second court-24 appointed counsel regarding defense strategies or whether to file a particular motion are not 25 sufficient conflicts to warrant substitution of counsel. See, e.g., United States v. Bennett, No. 26 CR 08-441-RE, 2011 WL 285221, at *6–8 (D. Or. Jan. 26, 2011) (denying a motion to substitute 27 counsel where the defendant manipulated the proceedings and relationships with his court-28 appointed attorneys for their failure to pursue unsupported arguments and determining the same

1  conflicts would arise if the court appointed another attorney); <u>United States v. McKenna</u>, 327
2  F.3d 830, 844 (9th Cir. 2003) (finding that a dispute arising from the Defendant's desire for her
3  attorneys to file motions which they felt were not supported by the evidence was not a sufficient
4  conflict to warrant substitution of counsel); <u>United States v. Corona–Garcia</u>, 210 F.3d 973, 977
5  n.2 (9th Cir. 2000) (explaining that even if the court were to conclude a conflict with respect to
6  trial tactics was severe, it would be "disinclined to reverse" because trial tactics are "committed
7  to the discretion of defense counsel" (citing <u>United States v. Wadsworth</u>, 830 F.2d 1500, 1509
8  (9th Cir. 1987) ("[A]ppointed counsel, and not his client, is in charge of the choice of trial tactics
9  and the theory of defense."))); <u>see also</u> <u>United States v. Mendez–Sanchez</u>, 563 F.3d 935, 944
10 (9th Cir. 2009) (affirming denial of a motion for substitution of counsel where the defendant—
11 who had already requested and received new counsel—experienced the "same breakdown in
12 communications" that occurred with his previous lawyer); <u>Smith</u>, 282 F.3d at 763-74 (affirming
13 a denial of a motion to substitute counsel by a defendant who had filed two previous substitution
14 motions alleging "lack of meaningful communication" because the court found the conflict
15 between the defendant and his attorney arose out of "general unreasonableness or manufactured
16 discontent").

17     A defense attorney charged with managing trial strategies and defense tactics is not
18 required to proceed blindly down a rabbit hole at the direction of a defendant's unsupported
19 advice. In other words, a competent counsel's refusal to pursue a defendant's illogical or
20 unreasonable claims does not constitute a conflict that warrants substitution of another court-
21 appointed attorney.  The Court denies Defendant's motion for a third court appointed attorney.

## IV.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for appointment/substitution of counsel (ECF No. 101) is DENIED.

IT IS SO ORDERED.

Dated:   **May 6, 2024**

UNITED STATES MAGISTRATE JUDGE