**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>  v.<br><br>TIMOTHY GRAYSON,<br><br>    Defendant. | Case No.: 1:14-cr-00085 JLT<br><br>ORDER DENYING BAIL PENDING APPEAL<br>(Doc. 141) |

   The Court sentenced Mr. Grayson to prison for two years after he admitted to a charge that he violated his supervised release. Mr. Grayson has appealed that determination and seeks bail until his appeal is determined. Because the Court finds there are not exceptional circumstances why he should not be detained, the motion is **DENIED**.

**I. Background**

   In 2016, Mr. Grayson plead guilty to a violation of 18 U.S.C. § 2252(a)(4)(B), possession of material involving the sexual exploitation of minors. The factual basis for his plea admitted that he had at least 300 images of children engaged in sexually explicit conduct. (Doc. 40) By this time, he had been convicted in 1984 of "Disorderly Conduct: Solicit Lewd Act" after multiple children reported that he exposed himself to them, rubbed his erect penis on them and/or touched them on their buttocks, genitals, and breasts. (Doc. 48 at 8-9) By the time of his plea, investigators had also received reports that Mr. Grayson had molested an 8-year-old relative in about 1993. *Id* at 7. The Court sentenced Mr.

Grayson to 57 months in prison followed by 120 months of supervised release. (Docs. 51, 54) Mr. Grayson served his time in prison and then began supervision on June 16, 2020. (Doc. 63 at 1)

On June 28, 2023, the probation officer filed a petition alleging that Mr. Grayson had violated the terms of his supervised release. (Doc. 63) Eventually, Mr. Grayson admitted Charge 2 of the petition which reads,

> On or about March 30 to April 2, 2022, Mr. Grayson attended a junior kennel club event at the Kern County Fairgrounds, in violation of special condition of supervision #5, which reads in part: "The defendant shall not loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18."

(Doc. 108; Doc. 63 at 2)

The Court held the sentencing hearing on July 29, 2024, at which the parties presented evidence. (Doc. 117) During his allocution, Mr. Grayson denied he violated any term of probation and claimed he admitted the charge for reasons other than that he had failed to comply with supervision. (Doc. 140 at 21-23) Indirectly, he also denied that he committed the acts giving rise to his underlying conviction.[1] *Id*. at 21. At the completion of the hearing, the Court stated,

> . . . And I'll tell you, though, I have some concern about your wife saying that you weren't guilty of the underlying offense, and that's history now because, in fact, you pled guilty to that.
> You went through a colloquy with the judge in which you admitted what happened is what happened, so I don't know why she thinks that it didn't happen. I don't know that. It doesn't matter now, because it did happen. We all know it did. You were convicted. You went to prison for that. We're not talking about that anymore.
> But my job here today is to make sure that the public is safe, and that you're deterred from future violations of the terms of your supervision in the future.
> And what I heard today was as, Well, my job told me I had to drive to the fairgrounds for this dog show. And I am willing to recognize that maybe you thought, Well, I don't know, maybe there's not kids there. I don't know what's going to happen. But when you got there and you saw kids, I am certain to my very core that you know you need to contact your probation officer and go, What the heck, this is what's happening. My job said to come here. What should I do? Should I leave? Should I call an Uber? What should I do -- no, no. No, not your turn. My turn.
> And you didn't do that. Instead what I'm hearing is, My job required me to do that, so I had to do that. My job required me to go to the hospital, so I had to do that. You're not in the same situation as anyone else here. You don't get the same freedom of going, It's going to be okay. You know, My wife is there, that's fine.

---

[1] Mr. Grayson's wife testified that Mr. Grayson did not possess child pornography but, instead, claimed that "we did not put it there" and the child pornography "came in unwarranted," meaning that the child pornography appeared on the computer without Mr. Grayson having taken steps to obtain it. (Doc. 140 at 12-13) Mrs. Grayson also denied that Mr. Grayson had been convicted in the past of annoying or molesting multiple elementary school children and denied that he had molested another child in 1993, saying, "we were not convicted, nor were we charged." *Id*.

2

No, it's not fine. You are one of the people under supervision, which means that you have conditions that keep you out of custody and you must comply with them. If you're not certain what's allowed, you have to ask. It's not an excuse to go, I didn't understand, I didn't know, I thought it was going to be okay, I had supervision from someone else. That's not the way it works, and you know that. You've been on supervision long enough to know that you're not in charge of what those conditions are. The Court imposed them on you. The probation officer is obligated to enforce those. If there's some situation in which those conditions need to be modified, then you need to come back to court and ask the Court to do that.

So while I appreciate your wife -- I don't think she got up here and lied, but I think she was trying to tell a story that's most favorable to you as any loving spouse would do. You know, I was listening to what she said when she got to the point where she said, Yes, there was pornography on those computers. She didn't do it. You didn't do it, I guess some of the problem with the extent of her forthrightness at this point.

And again, this is history. There's no disputing that anymore. There's no disputing that you admitted charge 2, and that's what I'm handling today. That when you got to that a junior kennel club event that you didn't go, Wow, no. That's -- that's -- I hear it. I see fingers coming up. That's the specific language of the charge. While you think it's something else, I don't know, but what's admitted was you attended a junior kennel club event at the Kern County fairgrounds. That is what was admitted on June 20th, and that's absolutely just not acceptable.

The effect is, too, Mr. Grayson, I want you to have all of the opportunity to defend yourself in these proceedings. In fact, I don't want these proceedings to occur at all. I want you to do just do what you need to do to get back to your life, forget about me, never see me again, do what you need to do, but that's just not our situation.

And you seem to have -- I don't know. I get a sense from you, somehow you've been done wrong here, that maybe it's Ms. Silva, maybe it's the probation officer. I don't know, but you seem to think somehow someone has done something to you to put you in this situation as opposed to you're in charge of your situation. When you get to that junior kennel club proceeding and you see kids -- you know, okay. I see your attitude. I understand. You disagree. You think you've been victimized again in this. Your demeanor tells me you're refusing to submit to this process.

And I get it. I understand your -- you think that this is unfair and you don't think you should be supervised. I get that, but that's not a situation that I can change for you. That's something that happened well before I ever laid eyes on you.

In dealing with this situation, though, the trip -- the Chapter 7 guideline is 3 to 9 months. The recommendation 24 months. And it's strikes me that the reason for this recommendation is because exactly for this, that you want to find technicalities, you want to decide for yourself what is okay and what is not okay. And you're just not in that position to do that.

Ms. Martin is an excellent senior probation officer. And I guess I'm kind of struck by the fact that she says she feels like your behavior is such that 24 months is appropriate.

Then I hear from Mr. Bou, who says considering all of this, your history, the fact that you've had some -- what I'm going describe as technical violations in the past, that's why they think 24 months is appropriate. I appreciate, though, the violations in March of 2021 you were admonished and it hasn't occurred.

In December of 2021 you, again, failed to attend your counseling. You provided some justification for that and, apparently, that's resolved.

I guess, though, I'm still in the position of what's the appropriate thing to do here. And the most basic requirement of your supervision is that you not be around kids. It just is. And the information is that you were, and that causes me very significant concerns.

3

> And I'll be honest with you, if you had come in here contrite, willing to try other things to do what's necessary to make sure there's compliance, I might feel differently. But you have come in with, kind of, you know, an attitude that you are in control of this, and I guess I'm just at a loss to understand where that's coming from.
> And I do want to say I'm speaking loudly not because I'm exercised or because I'm angry, but because I want to make sure that you hear me because I know you have that difficulty. But I have significant concerns about what happened here, and I know from looking at you, while speaking, you heartily disagree with what I'm saying. And that's completely within your rights. But again, it does concern me that you went to a location, and while you dispute that, you knew that there were kids there when you got there. At a minimum, you saw that there were kids there, and you failed to leave or failed to seek any sort of guidance from your probation officer, and that was your obligation.
> You do have this history that suggests that this term of your supervision was incredibly important.
> Consequently, I do think the recommendation of Ms. Martin and probation is appropriate.

Thus, the Court sentenced Mr. Grayson to 24 months in custody with 216 months of supervision to follow. (Doc. 118)

## II.     There are no exceptional circumstances to grant Mr. Grayson's bail request

In his motion for bail pending appeal, Mr. Grayson argues that his appeal is likely to succeed as justification for his request to be released from custody. (Doc. 141 at 5-9) He argues that he was not in violation of the terms of his supervision and, even if he were in violation, the Court's sentence was not supported by the evidence.

First, of course, Mr. Grayson admitted to the charge in the petition, and he admitted that he attended a <u>junior</u> kennel club event. At the change-of-plea hearing, the Court inquired,

> Is it true that on or about March 30th to April 2nd, 2022, you attended a junior kennel club event, at the Kern County fairgrounds in condition of the -- your special condition of supervision number 5, in your petition?
>
> THE DEFENDANT: Yes. It was an adult dog show, yes.
>
> THE COURT: Okay. Thank you. But do you admit that you were at a junior kennel club event at the Kern County fairgrounds?"
>
> THE DEFENDANT: Uh, I admit.
>
> THE COURT: I'm sorry?
>
> THE DEFENDANT: I admit.
>
> THE COURT: Okay. Thank you.

(Doc. 139 at 4) The Court continued,

4

THE COURT: Okay. So you understand charge 2 and you're admitting charge 2?

THE DEFENDANT: Yes, ma'am.

*Id*. at 5.

Second, the Court's determination that 24 months was an appropriate response to Mr. Grayson's conduct was explained in detail, as set forth above. Though another judge may have come to a different conclusion, this Court's determination was based on the evidence presented, what was said by all of those who spoke at the hearing, and on Mr. Grayson's demeanor, which so clearly showed disdain for the process and his obligations while under supervision.

Though Mr. Grayson is perfectly entitled to appeal the decision, the fact that he disagrees with the Court is not a sufficient showing to justify the extraordinary relief sought. *United States v. Loya*, 23 F.3d 1529, 1531 (9th Cir. 1994). To the contrary, the Court is convinced that Mr. Grayson has demonstrated an unwillingness to comply with the terms of supervision and that his release at this time would place the most vulnerable members of the public at risk. Consequently, his motion is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 10, 2024**

UNITED STATES DISTRICT JUDGE