**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIMOTHY GRAYSON,<br><br>　　　　　Defendant. | Case No.: 1:14-cr-00085 JLT<br><br>ORDER DENYING MOTION TO MODIFY TERMS OF SUPERVISED RELEASE<br>(Doc. 152) |

  The Court sentenced Mr. Grayson to prison for two years after he admitted to violating conditions of his supervised release. Upon completing the prison term and resuming supervised release, the Court prohibited him from having contact with children without the permission of the probation officer. (Doc. 18 at 5) Mr. Grayson appealed the sentence, and the Court of Appeals affirmed. Mr. Grayson completed the final period of confinement at a halfway house. Toward the end of this confinement, his probation officer reminded him about the restriction from having contact with children, which meant that he could not live in a home with his minor-granddaughter.

  Mr. Grayson now moves the Court to modify the terms of his supervision. He argues that he lived in the same home as his granddaughter before the most recent violation of the terms of his supervision. Because the Court finds that Mr. Grayson has failed to demonstrate why the terms of his supervision should be modified, the motion is **DENIED**.

///

## I. Background

In 2016, Mr. Grayson plead guilty to a violation of 18 U.S.C. § 2252(a)(4)(B), possession of material involving the sexual exploitation of minors. The factual basis for his plea admitted that he had between 300 and 600 images of children engaged in sexually explicit conduct, including videos of children engaged in sexual activity with an adult male. (Doc. 40; Doc. 48 at 4-5) In addition, Mr. Grayson provided the probation officer a letter in which he admitted the offense and accepted responsibility for it. *Id*. at 5.

By the time he was arrested in 2014, he had been convicted in 1984 of "Disorderly Conduct: Solicit Lewd Act" after multiple children reported that he exposed himself to them, rubbed his erect penis on them and/or touched them on their buttocks, genitals, and breasts. (Doc. 48 at 8-9) By the time of his plea, investigators had also received reports that Mr. Grayson had molested an 8-year-old relative in about 1993. *Id* at 7. The Court sentenced Mr. Grayson to 57 months in prison followed by 120 months of supervised release. (Docs. 51, 54) Mr. Grayson served his time in prison and then began supervision on June 16, 2020. (Doc. 63 at 1)

On June 28, 2023, the probation officer filed a petition alleging that Mr. Grayson had violated the terms of his supervised release. (Doc. 63) Mr. Grayson admitted Charge 2, which detailed that he had he "loiter[ed] within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18." (Doc. 108; Doc. 63 at 2)

At the contested sentencing, despite his admission to the charge, Mr. Grayson denied that he violated any term of probation. (Doc. 140 at 21-23) Indirectly, he also denied that he committed the acts giving rise to his underlying conviction. *Id*. at 21. Instead, he endorsed his wife's testimony, which included her testifying that Mr. Grayson had not been guilty of the crime possessing child pornography, despite his plea and conviction of this charge (Docs. 40, 43, 51). She testified that the images of child pornography appeared on his computer "unwarranted." (Doc. 140 at 13) She evaded questions about his conviction in 1984, denied there was more than one victim, denied she knew the age of the single victim she admitted to knowing about and refused to admit Mr. Grayson's conduct related to these children. (Doc. 140 at 11-13) She denied the account of the 8-year-old relative, who

2

reported to police that he had molested her in 1993 by saying, "We were not convicted, nor were we charged." *Id*. at 12.

In his current petition, he asserts that he had been living with his minor-granddaughter before his most recent arrest and, in essence, there had been no problem with this arrangement. (Doc. 152 at 2) He argues that his violative conduct did not involve the granddaughter and his wife, and the child's mother and father—his daughter and son-in-law—"have no concerns with him being in the home." *Id*. at 2. He claims that the condition at issue was imposed on him "unilaterally by Probation," and that it is substantively unreasonable. *Id*. The Court disagrees.

**II.   Analysis**

In imposing conditions of supervision, the Court must ensure the conditions are reasonably related to the nature and circumstances of the underlying offense and the characteristics of the defendant, to afford adequate deterrence to criminal conduct, to protect the public from further crimes by the defendant and to provide the defendant rehabilitative services. 18 U.S.C. § 3583(d).

As detailed above, the underlying offense involved victimization of children by the defendant. By the time he committed the federal offense, he had already been convicted of soliciting lewd acts from children, and an 8-year-old relative reported to police that he molested her. His most recent incarceration involved him having contact with minors when he attended a junior dog show event for child-competitors. Thus, consistent with 18 U.S.C. § 3583(d), the condition prohibiting the defendant from having contact with children is directly related to the nature and circumstances of the underlying offense and the violative conduct, it deters the defendant from further criminal conduct, and it protects the public.

The fact that the defendant had been allowed to live in the home with his granddaughter before his violative conduct was discovered, does not convince the Court that the condition should be modified now. First, circumstances have changed. He violated the terms of his supervision and violated the trust of his probation officer and the Court in a way that was central to the reason for supervision—protection of the public. Second, as noted above, the defendant has a history of victimizing children with whom he had ready access. Likewise, an 8-year-old relative reported to the police acts of molestation perpetrated on her by the defendant. The fact that the defendant's wife,

daughter and son-in-law are comfortable with the defendant living in the home with the child is important, but it does not suggest that the condition is improper. Indeed, the fact that, even now, Mrs. Grayson denies that Mr. Grayson committed the underlying crime and seemed to minimize his past criminal history causes the Court to have no confidence that she would be vigilant in protecting the child if he were allowed to reside in a home with her. Likewise, the Court has been provided no information that the parents understand the risks that Mr. Grayson poses to children, such that the Court is justified in surmising that they, like Mrs. Grayson, believe that Mr. Grayson did not commit the crime at issue. Finally, Mr. Grayson's attitude at the hearing, which demonstrated disdain for the conditions and the need for them, convinced the Court that he will seek ways to thwart the supervision in the future. All of this caused the Court's conclusion that he continues to pose a significant risk to the public and that the restriction was needed.[1]

Though the Court appreciates that Mr. Grayson feels angry that he cannot live in the home that "he built himself" and has lived in "since 1983," he has the option of returning to that home but, if he does, the child must live elsewhere. Moreover, Mr. Grayson may request advance approval to have contact with the child, so that the probation officer can assure that there is proper supervision.

The Court notes in passing that the authorities raised in Mr. Grayson's motion do not apply to the current situation, where the defendant was found with hundreds of photos and videos depicting child sexual exploitation and where the defendant has violated terms of supervised release related to the safety of children and where the restriction relates, not to his child but to his grandchild. Consequently, his motion is **DENIED**.

IT IS SO ORDERED.

Dated:    **July 8, 2025**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Mr. Grayson provides a portion of a report from therapy attended in 2022. There is no explanation for why the entire report was not provided and, the Court notes, that despite the therapist praising Mr. Grayson's work three years ago, the therapist determined that he continued to need ongoing therapy, including group therapy one time per month and individual therapy one time per month to address his risk factors of "Significant Social Influences: Sex Drive/Sex Preoccupation; Deviant Sexual Preference." (Doc. 152 at 13-14)

4